**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| O'CALLAGHAN CABLE SERVICES, ) <br> INC., and JAMES O'CALLAGHAN, ) <br> individually, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> COASTAL CABLE CONSTRUCTION ) <br> INC., SOUTH GEORGIA ) <br> TELECOMMUNICATIONS INC., and ) <br> CHARLES GRINER, individually, ) <br> ) <br> Defendants. ) <br> ) | No. 2:11-cv-00375-DCN <br><br> **ORDER** |

      This matter is before the court on cross motions for summary judgment. Plaintiffs O'Callaghan Cable Services, Inc. and James O'Callaghan filed a complaint in federal court on February 15, 2011 against defendants Coastal Cable Construction Inc. (Coastal Cable), South Georgia Telecommunications Inc., and Charles Griner. In their complaint, plaintiffs bring claims for breach of contract, defamation per se/slander, breach of contract accompanied by a fraudulent act, wrongful interference with a contractual relationship, and unfair trade practices. Plaintiff moved for summary judgment on their defamation per se/slander claim and defendants moved for summary judgment on all five of plaintiffs' claims.

      The court held a hearing on the motions for summary judgment on October 5, 2012. At the hearing, the court orally denied plaintiffs' motion in its entirety and denied defendants' motion with respect to all claims except for the unfair trade practices claim. The court took this remaining issue under consideration. After further review, and for the

1

reasons stated below, the court grants summary judgment in favor of defendants on plaintiffs' claim for unfair trade practices.

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  The court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.

Plaintiffs bring a claim under the South Carolina Unfair Trade Practices Act (SCUTPA), alleging that defendants committed deceptive and fraudulent acts by performing work that was clearly unacceptable in the industry and attempting to blackmail plaintiffs.  Compl. ¶ 44.  Defendants move for summary judgment on the basis that this case is "simply a dispute between two parties," not one that implicates SCUTPA. Defs.' Mem. Supp. Mot. Summ. J. 19.

SCUTPA declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a). An act is "unfair" when it is "offensive to public policy or when it is immoral, unethical, or oppressive"; an act is "deceptive" when it "has a tendency to deceive." Gentry v. Yonce, 522 S.E.2d 137, 143 (S.C. 1999). Section 39-5-140(a) creates a private right of action in favor of "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20 . . . ."

The private cause of action under SCUTPA is a limited one. "Since 1986, South Carolina courts have required that a plaintiff bringing a private cause of action under UTPA allege and prove the defendant's actions adversely affected the public interest." Daisy Outdoor Adver. Co. v. Abbott, 473 S.E.2d 47, 49 (S.C. 1996) (citing Noack Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc., 351 S.E.2d 347 (S.C. Ct. App. 1986)). A plaintiff may show that unfair or deceptive acts or practices have an impact upon the public interest by demonstrating a potential for repetition. Haley Nursery Co. v. Forrest, 381 S.E.2d 906, 908 (S.C. 1989); Noack Enters., 351 S.E.2d at 350-51. The potential for repetition is generally demonstrated in one of two ways: "(1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts." Wright v. Craft, 640 S.E.2d 486, 502 (S.C. Ct. App. 2006). A plaintiff must prove "specific facts" of an adverse impact or likely adverse impact on the public. Jefferies v. Phillips, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994).

Here, plaintiffs fail to show a sufficient potential for repetition and, in turn, fail to establish an adverse impact on the public interest.  First, plaintiffs cannot show a potential for repetition based on past similar actions that make it likely those actions will continue to occur absent deterrence.  See Abbott, 473 S.E.2d at 51.  This is the first contract entered into between plaintiffs and defendants, and plaintiffs have not set forth evidence that, prior to the contract, defendants improperly buried anchors that secure telecommunications lines.  In fact, Coastal Cable claims it has never installed cable anchors before entering into the contract at issue.  Cf. Barnes v. Jones Chevrolet Co., 358 S.E.2d 156, 159-60 (S.C. Ct. App. 1987) (finding that evidence of other instances of padding auto repair bills by a dealership established a potential for repetition).

Second, plaintiffs cannot show that defendants' actions create the potential for future repetition.  The allegedly faulty burial of anchors and the alleged blackmail of plaintiffs to secure payment from their superiors are incidents specific to the contract at issue in this case.  Contra Haley Nursery Co., 381 S.E.2d at 908-09 (finding that defendant's breach of warranty by selling mislabeled peach trees by "doing nothing to verify [their] bud source—despite the express warranty to "exercise the greatest care to keep our varieties true to name"—had a potential for repetition because the warranty was disseminated on its invoices to all customers).  Moreover, the mere fact that defendants are still engaged in business is not enough to establish a potential for future repetition.  See Jefferies, 451 S.E.2d at 24.

"An unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond the act's embrace . . . ."  Noack Enters., 351 S.E.2d at 349-50.  As argued by defendants, this case boils down to a dispute between private

parties to a contract.  Therefore, the court **GRANTS** summary judgment to defendants on plaintiffs' claim for unfair trade practices.

    **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 11, 2012
Charleston, South Carolina**